**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara A. (Dunne) Kohnert, | No. CV-05-2271-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| JoAnne B. Barnhart, Commissioner of Social Security Administration, | |
| Defendant. | |

Presently pending before the Court is Defendant's Motion to Alter, Amend, or Reform Judgment and Memorandum of Points and Authorities in Support Thereof (Doc. 29). Plaintiff has filed a Response (Doc. 33). The Court considers the papers submitted and issues the following Order.

I.   ALTER OR AMENDMENT

A motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) may be granted for the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) as necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present

1 evidence for the first time when they could reasonably have been raised earlier in the
2 litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

3 In its Motion to Alter, Amend, or Reform the Judgment, Defendant argues that the Court erred by "weighing the evidence in violation of the substantial evidence rule, which mandates that the Court defer to the factual finding of the administrative agency." Def.'s Mot. to Alter, at p. 2 lines 2-4. Defendant objects to the Court's finding that the Administrative Law Judge ("ALJ") improperly assessed Plaintiff's credibility regarding the degree and extent to which she was functionally limited by her panic disorder and mild agoraphobia. Def.'s Mot. to Alter, at p. 3 lines 17-20. Defendant argues that instead of reviewing whether substantial evidence supported the ALJ's findings, the Court reviewed whether substantial evidence supported the Plaintiff's claims. Def.'s Mot. to Alter, at p. 3 lines 11-14.

Defendant suggests the Court improperly concluded that the ALJ unlawfully found Plaintiff's description of her panic disorder and agoraphobia not credible, since Carl Mansfield, Ph.D., had indicated Plaintiff's conditions "were only mild and did not prevent Plaintiff from working." Motion for Reconsideration, at p. 3 lines 23-25 & p. 4 lines 1-4. Defendant's argument appears to repeat the discussion it presented in its Brief in Support of Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment. This time in the context that the Court had committed legal error. Motion for Reconsideration, at p. 4 lines 1-4. However, Defendant overlooks that Dr. Mansfield also described Plaintiff's functional limitations as fair (seriously limited but not precluded) in the following categories: relating to co-workers; dealing with the public; interacting with supervisors; dealing with work stresses; functioning independently; maintaining attention/concentration; behaving in an emotionally stable matter; relating predictably and social situations. Plaintiff's SOF ¶ 110 (Transcript. 186 & 187).

Furthermore, the Court has the authority to recognize the validity of other expert opinions evidence in the evidentiary file. In this instance, such expert opinions included not

1 only Dr. Mansfield's opinion but also the statements of Jane George, Ph.D., and two
2 Vocational Experts ("VEs"), Maude Prall and David Janus. In combination, the reports of
3 Dr. Mansfield, and Dr. George, and the opinions of VEs Prall and Janus reflect Plaintiff's
4 psychological condition after September 18, 2002 as disabled. See Moisa v. Barnhart, 367
5 F.3d 882, 887 (9th Cir. 2004) (concluding that the ALJ failed to provide legally sufficient
6 reasons to reject testimony evidence and, finding remand inappropriate, awarding benefits
7 without remand), citing Reddick v. Chater, 157 F.3d 715, 729 & n. 13 (9th Cir. 1998)
8 (remanding for an award of benefits where testimony by claimant and VE, properly credited,
9 established disability); Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989) (same);
10 Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1400 (9th Cir. 1988) (same).

11     Defendant cites Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) to contend that
12 the Court is precluded from overriding the ALJ as long as a reasonable person could have
13 reached the conclusion the ALJ reached. ("If the ALJ's credibility finding is supported by
14 substantial evidence in the record, we may not engage in second-guessing.") However the
15 weight of the evidence favors a finding Plaintiff disabled. After its thorough review of the
16 record, the Court found that a reasonable person could *not* have reached the conclusion the
17 ALJ reached. According to the available case law, the Court's Order, reflects no more nor
18 less than is authorized, within the Court's exercise of its discretion, by relevant legal
19 authority.

20 II.    REMAND

21     "The decision whether to remand for further proceedings or simply to award benefits
22 is within the discretion of this court." McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.
23 1989); see Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990). Generally, it is appropriate
24 to award benefits when no useful purpose would be served by further administrative
25 proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1985), or when the record has
26 been fully developed and there is not sufficient evidence to support the ALJ's conclusion.
27 Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Remand is appropriate "where
28

1 additional administrative proceedings could remedy defects"; but where remand would only 2 delay the receipt of benefits, judgment for the claimant is appropriate. <u>Bilby v. Schweiker</u>, 3 762 F.2d 716, 719 (9th Cir. 1985).

4      In <u>Moisa</u>, 367 F.3d at 887, the court found that the case required no further agency 5 expertise or evaluation, and that the Commissioner should not be afforded another 6 opportunity to find that plaintiff is not credible. Similarly, here, there is no need for 7 additional administrative proceedings. Moreover, the record has been fully developed and 8 the Court found in its March 28, 2007 Order that there is not sufficient evidence to support 9 the ALJ's conclusion. Finally, additional administrative proceedings could not remedy 10 defects.

11      **Accordingly,**

12      **IT IS ORDERED** that Defendant's Motion to Alter, Amend, or Reform Judgment 13 (Doc. 29) is denied.

14      DATED this 29th day of May, 2007.

_____
Mary H. Murgula
United States District Judge

- 4 -